**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GIORGI TALABADZE,** | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **NO. 26-360** |
| **MICHAEL ROSE, Field Office Director of** | : | |
| **Enforcement and Removal Operations,** | : | |
| **Philadelphia Field Office, Immigration and** | : | |
| **Customs Enforcement;** | : | |
| **JAMAL L. JAMISON, Warden of** | : | |
| **Philadelphia Federal Detention** | : | |
| **Center, *et al.,*** | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 30th day of January, 2026, upon consideration of **GIORGI**

**TALABADZE'S** Emergency Petition for Writ of Habeas Corpus (ECF No. 1), and Respondents'

opposition thereto, it is hereby **ORDERED** that the petition is **GRANTED**.[1] It is further

**ORDERED** as follows:

---

[1] Petitioner was granted parole under 8 U.S.C. § 1182(d)(5); therefore, he is no longer subject to mandatory detention under 8 U.S.C. § 1225(b). The Court recognizes that the Government may, under some circumstances, terminate parole that has been granted under 8 U.S.C. § 1182(d)(5); however, it must first provide written notice of its determination that the purpose of parole was accomplished, or its determination that "neither humanitarian reasons nor public benefit warrants the continued presence of an alien in the United States." 8 C.F.R. § 212.5(e)(2)(i). In conjunction with written notice, the Government must also provide the alien resident with a meaningful opportunity to respond to its decision to terminate parole.

Petitioner now concedes in his reply (ECF No. 9) that, on June 13, 2024, he was released from custody via a grant of parole pursuant to 8 U.S.C. § 1182(d)(5), and that he thereafter pursued his application for asylum in proceedings that remain pending. On January 13, 2026, Immigration and Customs Enforcement (ICE) took him back into custody, effectively revoking his parole and detaining him under 8 U.S.C. § 1225.

The Government contends that Petitioner's prior release on parole (and its termination) does not alter his detention posture and that he is lawfully subject to mandatory detention under § 1225, without entitlement to bond. Petitioner responds that in a case involving parole under § 1182(d)(5), DHS must comply with 8 C.F.R. § 212.5(e)—requiring written notice and an individualized basis for termination of parole under § 212.5(e)(2)(i)—before it may treat parole

1.      GIORGI TALABADZE is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.      The government shall release GIORGI TALABADZE from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than January 31, 2026 at 4:00 P.M. E.S.T.

3.      The government is temporarily enjoined from re-detaining GIORGI TALABADZE for seven days following his release from custody.

4.      If the government pursues re-detention of GIORGI TALABADZE, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

_____
HON. MIA R. PEREZ

---

as terminated and reimpose mandatory detention. He further argues that Respondents' general assertion that a Notice to Appear (NTA) in immigration court may serve as termination notice cannot apply here because Petitioner's NTA predates the parole grant. Federal district courts—including within this District—have rejected the Government's position in similar post-parole re-detention cases. *See, e.g.*, *Sadykov v. Rose*, No. 2:26-cv-00086 (E.D. Pa. Jan. 16, 2026) (collecting dozens of cases).

Accordingly, this Court finds that Petitioner's mandatory detention without the opportunity for a bail hearing is unlawful.